Filed 9/25/14  In re D.J. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re D.J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.J.,<br><br>        Defendant and Appellant. | A140053<br><br>(San Mateo County<br>Super. Ct. No. 81841) |

## I.  INTRODUCTION

Following a contested hearing, appellant D.J. was continued as a ward of the court[1] for committing one count of robbery and one count of attempted robbery, and was ordered removed from his parents' custody.  He appeals, claiming that the evidence is insufficient to sustain the attempted robbery adjudication and that the juvenile court erred in not stating a maximum period of confinement.  We conclude the record contains substantial evidence supporting the attempted robbery adjudication.  We will, however, remand for the limited purposed of allowing the juvenile court to specify a maximum

---

[1] Previously, the San Mateo Superior Court had adjudged appellant to be a ward of the court after sustaining an allegation of petty theft (Pen. Code, § 484), a misdemeanor, on December 29, 2011.  The court sustained a second allegation of petty theft (Pen. Code, § 484) on October 10, 2012.

1

term of confinement. The jurisdictional and dispositional orders are affirmed in all other respects.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 2013,[2] then 17-year-old D.J. participated in a series of events that led to multiple robbery related charges. However, appellant only challenges the true finding as to one count of attempted robbery, so our recitation of the facts will focus primarily on the events pertinent to that charge.

On the evening of March 4, appellant's cousin and another man picked up appellant in a stolen BMW. Shortly before 4:00 a.m. the following morning, Lolita Abecilla and her neighbor, Andres De La Cruz, were walking down Geneva Street in San Francisco towards the Balboa Park BART station. De La Cruz was walking about three feet in front of Abecilla. It was very dark. As they walked, De La Cruz noticed an unidentified number of people sitting in a car parked in a driveway. After they passed the parked car, De La Cruz heard footsteps approaching them from behind.

A man ran up to Abecilla and grabbed her purse off her arm. She could not see the assailant in the darkness but could tell it was a man when he moved away from her. De La Cruz turned and saw Abecilla struggling momentarily. Her right shoulder was injured when the bag was pulled away.

De La Cruz testified that he then heard a gun. After the man snatched the handbag, he "clicked the gun, like a shotgun, twice, clicking, and then after that, he asked us, 'Give me your phone,' and then after that, 'If you call the police, I will shoot you.' " Abecilla testified that, immediately after her purse was taken, she tried to call 911 on her cell phone. The man who took her purse warned her that if she called the police, " 'I'm going to shoot you.' "

The assailant then ran with Abecilla's purse back towards the parked car. There was another person standing by the car. The man who took the purse and the other person standing by the car got into the car together and drove away.

_____
[2] All further dates refer to 2013.

On March 5, Sergeant Inspector Timothy Brophy of the San Francisco Police Department responded to a location in the Bayview neighborhood regarding a car-jacked vehicle that had been associated with several robberies. The vehicle was a newer model silver BMW. When Brophy arrived, the occupant, Eddie Tillman, was en route to the hospital. Investigators found two cell phones in the car and a sawed-off rifle in the trunk.

The next day, Sergeant Brophy interviewed Tillman at the San Francisco county jail. Tillman identified appellant, his cousin, as the owner of one of the cell phones found in the BMW.

Sergeant Brophy interviewed appellant on two different occasions, on March 8 at the Hillcrest Juvenile Detention Center in San Mateo County,[3] and on March 12 at the Hall of Justice in San Francisco. Appellant waived his rights both times and spoke with Sergeant Brophy. Both interviews were recorded with appellant's knowledge. The interviews were not transcribed, but the recordings were admitted into evidence as two CDs.

During the interviews, appellant admitted to Sergeant Brophy that he had been in the silver BMW on the night/morning in question and that he had been present during the incident on Geneva Street. Appellant said he got out of the vehicle and was standing nearby "for intimidation." Appellant identified the BMW he and the other two men were riding in that night and the sawed-off rifle the perpetrator used to threaten the victims. Appellant also identified the purse that was stolen and admitted to handling it in the car.

On March 14, the District Attorney of San Francisco County filed a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)) alleging that, on March 5, appellant committed two counts of second-degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)), a felony, and three counts of attempted second-degree robbery (Pen. Code, §§ 212.5, subd. (c), 664), a felony. As to each count, the petition alleged that a principal was armed with a firearm within the meaning of Penal Code section 12022, subdivision (a), paragraph (1).

---

[3] Appellant had been detained on an unrelated probation violation.

The juvenile court held a contested jurisdictional hearing on June 10 and 11. At the conclusion of the hearing, pursuant to the prosecution's motion, the court dismissed two counts of attempted robbery, along with the corresponding firearm allegations (counts 4 & 5). The court then sustained allegations regarding one count of robbery and one count of attempted robbery (pertaining to the Geneva Street incident), but did not sustain the corresponding firearm allegations (counts 1 & 2). The court also did not sustain the allegation regarding the remaining robbery count (count 3). The court ordered the matter transferred to San Mateo County (appellant's county of residence) for disposition.

On September 19, the San Mateo County juvenile court held a dispositional hearing. The court continued appellant as a ward and ordered him to serve 200 days of therapeutic detention, followed by 60 days of electronic monitoring, and stayed a commitment to Camp Glenwood correctional school.

On October 18, appellant filed a timely notice of appeal.

### III.    DISCUSSION

A. *Sufficiency of the Evidence to Support Attempted Robbery*.

Appellant concedes that "a bare minimum of evidence supports the conclusion that appellant acted as an aider and abettor in the Geneva Street incident," and he does not contest his adjudication for robbery of Abecilla. However, he contends his adjudication for attempted robbery of De La Cruz must be reversed because the evidence was insufficient to sustain that allegation. He argues that the court's finding violated his federal due process rights under the Fourteenth Amendment and reversal is required. We are not persuaded.

The substantial evidence standard of review applies here, as it does in adult criminal appeals. (*In re Brandon G.* (2008) 160 Cal.App.4th 1076, 1079.) "Thus, we review the entire record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the alleged crimes beyond a reasonable doubt. [Citation.] We presume in support of the judgment the existence of every fact the trier of fact reasonably could deduce from the evidence,

4

and if the circumstances reasonably justify the trier of fact's findings as to each element of the charged offense, we must affirm even if the circumstances and evidence would support a contrary finding.  (See *People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)"  (*Id.* at pp. 1079-1080.)  Substantial evidence is evidence that is " 'reasonable, credible, and of solid value.'  [Citation.] . . . '[I]t is the [trier of fact], not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt.'  [Citation.]"  (*People v. Lewis* (2009) 46 Cal.4th 1255, 1290.)

"The federal standard of review is to the same effect:  Under principles of federal due process, review for sufficiency of evidence entails not the determination whether the reviewing court itself believes the evidence at trial establishes guilt beyond a reasonable doubt, but, instead, whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  (*Jackson v. Virginia* (1979) 443 U.S. 307, 317-320.)"  (*People v. Rodriguez*, *supra*, 20 Cal.4th at p. 11.)

Robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."  (Pen. Code, § 211.)  The attempt to commit robbery is a crime, punishable under Penal Code section 213, subdivision (b).  In order to prove an attempted robbery of De La Cruz, the prosecution was required to establish two elements: the specific intent to commit robbery, and "a direct but ineffectual act done toward its commission."  (Pen. Code, § 21a; see also *People v. Watkins* (2012) 55 Cal.4th 999, 1018.)

Appellant argues there is no substantial evidence to support a finding that De La Cruz was the victim of an attempted robbery.  Noting that the assailant demanded, "Give me your phone," referring to a single phone, and that only Abecilla was holding a phone, appellant contends the assailant could only have been referring to Abecilla's phone and had no intention of taking anything from De La Cruz.  In the darkness, appellant continues, it would be understandable for De La Cruz to be confused about who the robber was speaking to.  Moreover, the assailant could have been pointing the gun at De La Cruz to hold him at bay while he prevented Abecilla from calling for help.  The

assailant then ran away, without further investigating whether De La Cruz had a phone or any other possessions. "There is simply insufficient evidence," appellant argues, "for the trier of fact to be able to conclude, beyond a reasonable doubt, that an attempted robbery had been committed."

Viewing the facts in the light most favorable to the judgment (*People v. Lewis*, *supra*, 46 Cal.4th at p. 1289), the evidence is sufficient to support the attempted robbery adjudication. Appellant, his companions, and the stolen BMW were associated with several robberies and attempted robberies of individuals on the streets of San Francisco that night. De La Cruz and Abecilla walked past the parked car and were targeted; the assailant came up behind them. De La Cruz testified that the threat to shoot was directed at both himself and Abecilla, that the gun was pointed at both of them, and that the man's demand, "Give me your phone," was directed at both of them. Resolving all conflicts and drawing all reasonable inferences in favor of the court's orders (*People v. Rodriguez*, *supra*, 20 Cal.4th at p. 11), the trial court could reasonably conclude that the assailant intended to take property from De La Cruz. Appellant would have us draw a different conclusion from the evidence, but this we cannot do.

B. *Statement of the Maximum Period of Confinement*.

Appellant argues that the juvenile court erred by not stating a maximum period of confinement when it removed him from parental custody. Welfare and Institutions Code section 726, subdivision (d), provides in pertinent part: "If the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." The parties agree that the matter should be remanded to the juvenile court to specify the maximum period of confinement. (*Ibid.*; Cal. Rules of Court, rule 5.795, subd. (b).)

6

## IV. DISPOSITION

The matter is remanded for the juvenile court to state the maximum period of confinement.  In all other respects, the jurisdictional and dispositional orders are affirmed.

_____
Richman, J.

We concur:


_____
Kline, P.J.


_____
Stewart, J.

7